UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTWAN D. DANIELS,

    Plaintiff,

v.          Case No. 3:22cv4905-MCR-HTC

OFFICER C. MCGEE,
ESCAMBIA COUNTY JAIL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Antwan Daniels, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 regarding an alleged use of force incident at the Escambia County Jail (the "Jail"), where he was incarcerated.  ECF Doc. 1.  The complaint was accompanied by a motion to proceed *in forma pauperis*.[1]  ECF Doc. 2.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

---

[1] Plaintiff's initial motion to proceed *in forma pauperis*, ECF Doc. 2, was denied because it was incomplete.  However, Plaintiff subsequently filed a second and complete motion to proceed *in forma pauperis*, ECF Doc. 5, which was granted with the assessment of a partial filing fee.

Because Plaintiff has failed to respond to this Court's orders requiring him to pay the initial partial filing fee and update this Court with his current address, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute, failure to comply with an order of the Court, and failure to keep the Court apprised of his address.

On April 21, 2022, the Court entered an Order granting Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 5, with prepayment of an initial partial filing fee of $2.80. ECF Doc. 6. The Court allowed Plaintiff twenty-one (21) days to submit this fee. *Id*. Plaintiff was advised that failure to pay the fee may result in a recommendation this action be dismissed for failure to comply with a court order or failure to prosecute without further notice. *Id*. Plaintiff did not submit the initial partial filing fee. So, on May 18, 2022, the Court allowed Plaintiff fourteen (14) days to show cause why this case should not be dismissed for his failure to prosecute or failure to comply with Court Orders. ECF Doc. 7. The deadline for Plaintiff to respond to the show cause order has passed without a response.

Also, in the Court's May 18, 2022 Order, the Court noted that Plaintiff had been transferred from the Jail to the Northwest Florida Reception Center Annex ("NWFRC") since the filing of the action. *Id*. at 1-2. The Court gave Plaintiff seven (7) days to file a notice of change of address and directed the clerk to send the Order

to Plaintiff at NWFRC as a courtesy. *Id*. at 2. Plaintiff, however, never updated his address.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 9th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.